Nash, C. J.
 

 The decision of the question presented in this case, is governed by the second sec. of the Act of 1836, ch. 10. At common law, when the Sheriff' arrested the body of a defendant on civil process, he was bound to take a bond for his appearance at the return day of the writ, and the defendant was then bound to perfect his bail by giving bail to the action. The former was made payable to the Sheriff, as it was taken for his security, and the latter to the plaintiff in the action. The Sheriff might assign the bail to the writ, to the plaintiff'j but by the law was not bound to do so. If he did assign i1}
 
 *12
 
 the assignment conveyed to the plaintiff no legal interest in it, for if be sued upon it, the action was in the name of the Sheriff, and he being the plaintiff at law, could at any time dismiss the suit.. To remedy this evil, the Statute of the 4th and 5th Anne was passed, which enacted — “ that the Sheriff at the request and at the cost of the plaintiff, or his attorney,
 
 shall
 
 assign to him the bail bond by endorsing the same, and attesting it under his hand
 
 and seal,
 
 in the presence of two or more credible witnesses, &c.” It then provides, that upon á breaeh, the plaintiff may bring an action in his own name. In this State but one bail bond is given by a defendant, and that embraces both bail to the writ and to the action. By the first section of the Act above referred to, it is made the duty of a Sheriff when he arrests a defendant to take such a bail bond and to return it with the writ; if he does not, he makes himself special bail. By the second section, it is .made the
 
 duty
 
 of the returning officer to assign the bond to the plaintiff in the action. It enacts that “ all bail bonds, returned to any of the Courts,
 
 &c., shall
 
 be assigned by the sheriff or coroner returning the same by an endorsement thereon, in the following form, (to wit,) &c.” Such endorsement is required to be under the
 
 hand and seal of the officer.
 
 When so assigned, the plaintiff in the action may sue upon it in his own name, and after his death, it may be put in action by his executors or administrators. But to give the assignment this effect, it must be made by the returning officer : for though the section, which we are considering, directs the assignment .to be made to the plaintiff’, his executors and administrators, yet the power to make it is, under the Act of 1836, personal to the officer; it is to be under his
 
 hand and seal,
 
 and he is directed, in the first section, to return the bond with the writ; aud then is the time, if he wishes to avoid becoming special bail, to perform this duty. The only substantial difference between the Statute of the 4th and 5th of Anne, and our Statute upon this point is, that the former requires the assignment to be attested by two or more witnesses; ours requires no attestation : Under the Statute of Anne it soon became a ques
 
 *13
 
 tion, whether the assignment could be made by any one but the returning officer, and it is now settled in England, that it may be made by an under sheriff or by a clerk in the sheriff’s office. In Eitzherbert’s Natura Brevium, 1st vol. 266, it is said an under sheriff may, by virtue of his office, be included, in acts of Parliament, though not expressly named by virtue of the 25th of Edward the 3rd, ch. 17. In
 
 Kitson
 
 and
 
 Fagg,
 
 1st Sh. 60, it was decided that an under sheriff might assign a bail bond in the name of the high sheriff, “ it having been “ the constant practice ever since the Stat. of Anne, but if the
 
 “
 
 assignment was neither by the high sheriff nor by the under
 
 “
 
 sheriff, it would not be good.” In that case the assignment was by the under sheriff’s clerk. But in the case of Harris vs. Ashley, 1st Selwyn’s nisi prius, Lord Mansfield was clearly of opinion that the seal of the deputy sheriff’s office being affixed to the assignment, it was good, 4th Camp. 36,
 
 Middleton
 
 v.
 
 Sandford.
 
 These cases show that in England the assignment must be made, either by the sheriff himself, or by his deputy, affixing the seal of the proper office. Petersdorf on Bail, p. 221, says, “ if the sheriff die before he assigns the bond, the plaintiff must, as in common law, sue in the name of the sheriff, as the executors appear to have no authority to assign it, that is, so as to enable the assignee to sue on it in his own name.” In the case before us, the sheriff took no bail bond when he executed the writ, the one he did take was at a subsequent stage of the proceedings, which was not assigned by him, but by his administrator after his death, nor did he offer any seal. His Honor decided that the' plaintiff could not maintain the action. In this opinion we concur. There is no error in the judgment of the Superior Court, and it is affirmed.
 

 Judgment affirmed.
 

 Per CuriaM.